Peter A. Welch and Others, Appellants, v. Solomon Seligman, Respondent.

*Obtaining goods under false pretenses — facts sufficient to go to the jury — an action for damages is not inconsistent with a replevin suit previously brought.*

In an action brought for the recovery of damages for obtaining goods by false pretenses, and with the preconceived design not to pay for them, it was shown that in May, 1891, the plaintiffs were partners, and that in that month they sold and delivered to the defendant sixty casks of alkali at the agreed price of $1,921.57, payable June 1, 1891, no part of which had been paid.

The evidence reviewed, and held to be sufficient to justify the jury in finding that the defendant had misrepresented the amount of his property, the amount of his liabilities, the condition of his business, and the use which he intended to make of the sixty casks of alkali purchased from the plaintiffs, which propositions, if found in favor of the plaintiffs, would have sustained a verdict that the goods were acquired by false representations and with the preconceived design not to pay for them.

That the action was in disaffirmance of the contract to recover damages for the fraud alleged to have been practiced, and was not inconsistent with a replevin action previously brought.

Appeal by the plaintiffs, Peter A. Welch, Andrew M. Sherrill and Moses E. Clark, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 3d day of March, 1893, upon a dismissal of the complaint after a trial at the New York Circuit, with notice of an intention on the part of the appellants to bring up for review on such appeal the direction of the trial judge dismissing the complaint, and from an order made at the New York Circuit and entered in the office of the clerk of the city and county of New York on the 21st day of February, 1893, denying plaintiffs' motion to set aside the direction of the trial judge and for a new trial made upon the minutes of the court.

*Artemus B. Smith*, for the appellants.

*David Leventritt*, for the respondent.

FOLLETT, J.:

This action is for the recovery of damages for obtaining goods through false pretenses and with the preconceived design not to pay for them.

In May, 1891, the plaintiffs were partners under the name of Welch, Holme & Co., and in that month they sold and delivered to the defendant at the city of New York, sixty casks of alkali, at the agreed price of $1,921.59, payable June 1, 1891, no part of which has been paid. Fifteen of the casks were delivered May fourth, fifteen May twelfth, eight May eighteenth, and twenty-two about the twenty-sixth of May.

One of the plaintiffs testified that the defendant was introduced to him in February, 1891, by Mr. Kuschewsky, and that on that occasion the following conversation was had :

" I then asked him (defendant) in regard to his means, and he stated that he had bought out Kuschewsky and paid him $1,500 in cash ; furthermore I asked him, are all your fixtures and apparatus clear ? He said they were ; that there was no incumbrance on them whatsoever, and I want to make arrangements with you to furnish me with alkali. I said that we would be glad to sell to him if we could make satisfactory arrangements; how do you propose to pay ?' He said, I will pay you on the first of every month, and I will want deliveries of alkali at different times. I told him this was a cash article. He said, I will pay you the first of every month, any purchases previous to the first; you can rely on getting your money on the first of the month, and the statements I make to you are strictly true ; I am an honest man and I have property in the West, about $2,000 worth of property."

In February the defendant purchased of the plaintiff six casks of alkali which he paid for March first. In March he purchased thirty casks which he paid for April first. In April he bought thirty-four or thirty-five casks which he paid for May first. In May he purchased the sixty casks for which he failed to pay. At the time he ordered the sixty casks the following conversation occurred : " I (one of the plaintiffs) said, that is a large quantity ; your business must be increasing

very rapidly. He said it had and he wanted that quantity, and would have to have it because he had orders to fill for sal-soda that would require that quantity of alkali during that month. He said further, I will do as I agreed, and pay you the first of every month."

The defendant took sixteen of the casks which were delivered on the twenty-sixth of May, to a warehouse on the same day, and received a negotiable warehouse receipt in the name of E. L. Goldnsor, representing to the person from whom he received the receipt that that was his name. He represented at the time of taking the receipt that he had a surplus of alkali, and wanted to raise some money on it, and gave that as a reason for getting the warehouse receipt. Shortly afterwards he tried to sell the receipt to one Green, requesting him at the time not to tell the plaintiff's firm about his offer to sell. It was proved beyond dispute that the defendant agreed to pay but $800 for the plant, instead of $1,500, which he purchased of Kuschewsky, and that he paid in cash $200, and gave his notes for the remainder, which have never been paid.

On April 28, 1891, defendant gave his promissory note to Harris J. Bramson for $620, due in twenty days, which was not paid at maturity, and May 25, 1891, an action was brought thereon in the City Court of New York, and June 2, 1891, a judgment recovered thereon by default, on which an execution was immediately issued, under which the sheriff levied on the defendant's property, and took possession of his place of business. Immediately after the levy one of the plaintiffs called on the defendant, and had the following conversation: "I asked him at an interview at my office, what had become of the property he represented himself possessed of to me; he said he didn't know; he had to pay little debts here and there, current expenses and other little things, and he couldn't say; he said that the Bramson judgment that the sheriff had got into his place on was entirely unexpected to him. I asked him what had become of our alkali that had been delivered to him in May, or any part of it; he said a few casks were in the place, but the others had been used up, and he didn't know; things were in a kind of mixed up shape, and he didn't know what had become of anything; he couldn't give an account of anything. He gave me no satisfaction concerning the remaining casks. I asked him if he had stored any of it. He said, 'I decline to answer.'"

In another interview with one of the plaintiffs the defendant said if forced to sell he could not pay more than $200 or $300 — that he might pay twenty-five per cent of his indebtedness. The person of whom defendant purchased the factory testified that not more than thirty casks of alkali could be used in the factory in any one month; that it had not capacity to use more. The evidence was sufficient to have justified the jury in finding that the defendant misrepresented (1) the amount of his property; (2) the amount of his liabilities; (3) the condition of his business; (4) the use which he intended to make of the sixty casks of alkali purchased in May.

These propositions, being found in favor of the plaintiffs, would have sustained a verdict that the goods were acquired by false representations and with the preconceived design not to pay for them.

This is not an action on the contract to recover the agreed price, but an action in disaffirmance to recover damages for the fraud alleged to have been practiced, and there is nothing in the point that this action is inconsistent with the replevin action previously brought, as the learned trial judge correctly held.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN and PARKER, JJ., concurred.

Judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.