### SACKER v. MARCUS.

(Supreme Court, Appellate Term. January 25, 1904.)

1. ELECTION OF REMEDIES.

> Where an action is brought on a contract on the theory that it created a partnership, plaintiff is bound by his election, and cannot during the pendency thereof sue on the same contract on the theory that it is one of employment.

Appeal from City Court of New York, Special Term.

Action by John J. Sacker against Joseph C. Marcus. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Abraham Oberstein (Joseph Fischer, of counsel), for appellant.
George Rubenstein (Isaac S. Miller, of counsel), for respondent.

DAVIS, J. This action was brought to recover the sum of $2,000 damages for the breach of a contract of employment and the wrongful discharge of plaintiff from the employ of defendant. The answer contains a general denial and certain separate defenses, the fourth of which is as follows:

> "That prior to the commencement of this action the plaintiff herein brought another action in the Supreme Court in and for the county of New York, in this state, against this defendant, which other action is still pending, in which action the plaintiff seeks for the dissolution of an alleged copartnership, and for an accounting, and for judgment awarding plaintiff any amount found to be due him, and for further equitable relief; all upon the alleged contract for the breach of which damages are now sought."

The plaintiff demurs to this defense as insufficient in law, etc. It will be observed from its language that this defense is not a plea of the pendency of another action for the same cause of action. The action at bar is for damages for breach of a contract for employment. The action as referred to in this defense is an action in equity for the dissolution of a copartnership and an accounting. It is true that plaintiff bases his two suits on the same contract, thus taking two views of the legal effect of that contract; but the views are absolutely inconsistent with each other. Both theories cannot be correct. It follows, therefore, that the plaintiff, having elected to bring his action on this contract in the Supreme Court upon the theory that it

created a copartnership, elected and resorted to that remedy, and is bound by that election, and cannot afterwards, and during the pendency of the former action, bring an action upon the theory that the same contract was one of employment. If, therefore, the defendant succeeds in establishing the facts pleaded in this fourth separate defense, it would be a complete defense to the cause of action set forth in the complaint. Roberge v. Winne, 144 N. Y. 709, 712, 39 N. E. 631, and cases cited. For these reasons the judgment appealed from should be affirmed, with costs and disbursements.

Judgment affirmed, with costs and disbursements. All concur.