(26 App. Div. 522.)

## ROWLAND v. HOBBY.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

1. RES JUDICATA.

A judgment entered upon the general verdict of a jury does not operate as an estoppel, in a subsequent action between the parties, as to questions which, though raised by the complaint, were not necessary or essential to the decision of the issues by the jury, unless it be affirmatively shown, by the record or evidence consistent therewith, that the matter in question was necessarily and directly found by the jury.

2. SAME—BURDEN OF PROOF.

The burden is upon a party who sets up a former judgment as an estoppel to prove that the matter in question was necessarily involved in and submitted to the jury in the former action, or that it was necessarily passed upon by the jury in arriving at their verdict.

Appeal from special term.

Action by John T. Rowland against Phebe Hobby, as administratrix of David R. Hobby, deceased. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles D. Ridgway, for appellant.
William J. Griffin, for respondent.

GOODRICH, P. J. The complaint alleges that the plaintiff and David R. Hobby, deceased (of whose personal estate the defendant is administratrix), entered into a co-partnership agreement for the building of a sea wall at Hoffman's Island, each party to be equally interested in the profits and losses of the enterprise; that they entered upon the work, and continued it until Hobby's death; that thereafter the plaintiff completed the wall, which resulted in a loss of $1,780.10. The plaintiff demands judgment for an accounting and payment of one-half of the loss. The defendant denies knowledge of the co-partnership, and sets up as a defense that in a previous action, brought by her as administratrix against Rowland, for the collection of a note made by the latter, it was alleged by Rowland as a defense that there was a partnership between the parties; that Rowland had made the note as a method of furnishing his share of capital; that the note was to be paid out of the profits of the enterprise, and not otherwise; that the administratrix replied denying those allegations, and the question of co-partnership was at issue; that there was a judgment in favor of Mrs. Hobby, so that it was adjudged that there was no such partnership; and that the judgment is res judicata between the parties in the present action.

On the trial of the present action the administratrix offered in evidence the judgment roll, and also the stenographer's minutes of the evidence taken at the former trial; and the plaintiff herein contends that it is conclusively shown by the minutes that the question of partnership, though set up in the answer, was never passed upon by the jury in the former action, and was not litigated in nor essential to the

judgment in that action. In this action the court dismissed the complaint, saying:

"The judgment in Hobby, as Administratrix, etc., vs. Rowland is conclusive upon the main question presented here. In that action defendant to sustain his defense sought to establish a co-partnership between himself and defendant's decedent. He presented that question, and it was litigated; it was a material and essential fact to such defense."

The doctrine of res judicata is considered by this court in the case of McCarthy v. Hiller (not yet officially reported) 50 N. Y. Supp. 626, and the court, reviewing the authorities, held that "it is not sufficient that the action should be between the same parties, and in respect to the same property; it must be shown that the particular cause of action has been before the court, and that it was passed upon in arriving at the judgment of the court." The doctrine was also stated that the burden of proof is upon the party who relies upon the estoppel, and he must show that the matter in controversy has been already heard and determined.

I find a good statement of the principle here involved in the case of House v. Lockwood, 137 N. Y. 259, 268, 33 N. E. 595, where the court said:

"The general doctrine of res judicata is well understood. The rule is founded upon convenience and public policy. Issues which the parties have submitted to a court of competent jurisdiction, and had determined, are put at rest, and are not to be reopened and relitigated; and their adjudication is conclusive in all subsequent controversies between them, where the same matter comes again directly in question. But the rule is not always easy of application, and there are qualifications to it which must be carefully noticed. The rule, with its qualifications, is very well stated in the brief of the learned counsel for the appellant in this action, as follows: 'A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided. But it is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue.' "

It appears by the record that on the trial of the former action the partnership was proven without contradictory testimony, but an examination of the testimony in that action shows that there was also evidence that the note was not given in connection with the partnership, but was for money borrowed by Rowland from Hobby, and that after Hobby's death Rowland admitted this fact, and promised to pay the note. So that the question of partnership was not necessary and essential to the decision of the issues by the jury. The jury might have found that the note was given in connection with partnership matters, and in that event the verdict would properly have been for Rowland. There could not properly have been a verdict for Mrs. Hobby, unless it was based on a finding that the note was not given as a part of the capital of the co-partnership, but was outside of its affairs. In other words, the question of partnership was not necessarily "passed upon in arriving at the judgment of the court," as stated in McCarthy v. Hiller, supra. There is abundant authority for this doctrine. Packet Co. v. Sickles, 24 How. 333, was an action on two special counts and the general counts in assumpsit. The jury rendered a general verdict, but it did not appear upon which of the counts it was rendered. The court said (page 345):

"The defendants in error contend the jury, by their verdict, necessarily found the statements of fact in all the counts of the declaration to be true; and the effect of a verdict and judgment on the whole declaration and a verdict and judgment on the first count is precisely the same, in producing an estoppel, as respects the matters contained in that special count. But this is not true. If the verdict had been rendered on the special count in exclusion of the others, the record itself would have shown that the existence and validity of the contract were in question. There would have been no ground for the inquiry whether any other issue was presented to the jury. But where a number of issues are presented, the finding on any one of which will warrant the verdict and judgment, it is competent to show that the finding was upon one rather than on another of these different issues. Henderson v. Kenner, 1 Rich. 474; Sawyer v. Woodbury, 7 Gray, 499."

The decree was reversed, and the cause remanded for further proceedings, which being had, the same cause came up in a subsequent appeal sub nom. Packet Co. v. Sickles, 5 Wall. 580, where the court (page 592) stated:

"As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive, per se, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined,— that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and, further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

In Sawyer v. Woodbury, 7 Gray, 499, 503, the principle was recognized, and it was held "that where the fact in controversy, together with many other questions of fact, are within the issue of the case, in a subsequent case, where such finding is relied on, it is competent for the party offering it to go into evidence aliunde, to prove that such particular question was actually contested and submitted to the jury, and the verdict was such as to show that they passed upon it."

Again, in Russell v. Place, 94 U. S. 606, 608, the same principle was recognized:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,— the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

Such a wealth of authority leaves the question no longer open to discussion. As the burden of proof was on the defendant, who set up the estoppel, she was bound, but failed, to prove her allegation that

the question of partnership was necessarily involved in and submitted to the jury in the former action, or that it was necessarily passed upon by the jury in arriving at their verdict. The defendant could have put in evidence the charge of the court in the former action, which might show the precise issues passed upon by the jury, but no such proof appears in the record of this case. It was stated on the argument that such proof was offered and excluded, but of that we can take no notice.

It follows that it was error to dismiss the complaint, and that a new trial must be granted. All concur.