WATSON v. ROSS. (No. 7563.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. JUDGMENT ⬿585—CONCLUSIVENESS—MATTERS CONCLUDED—DIFFERENT CAUSE OF ACTION.

A judgment for defendant in an action for damages for false representations in the sale of certain mining property, in which action recovery of the amount paid was sought as part of the damages, does not bar an action on a written agreement, accompanying the contract of sale, that if the purchaser should investigate the representations made by the vendor, and should find that they were not substantiated, the vendor would return the amount paid on the contract of .purchase, since the issues in the two actions were not identical, and the same evidence which would establish one would not necessarily establish the other.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. ⬿585.]

2. JUDGMENT ⬿590—CONCLUSIVENESS—FORMER VERDICT.

A verdict in the former action, which stated that the jurors found the issues therein joined in favor of the defendant, does not show that they found that the representations made by the vendor were true, since that verdict was nothing more than a general verdict, and may have been based on a .finding that the vendor did not know of the falsity of the representations, or that the purchaser did not rely thereon, neither of which would be a defense to the subsequent action on the contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. ⬿590.]

3. JUDGMENT ⬿956—ESTOPPEL—BURDEN OF PROOF.

Where the verdict in a former action might have been based on a ground which is not conclusive of the subsequent action, the burden is on the · one claiming the estoppel to show that the jury found on a specific issue which would bar the present action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. ⬿956.]

Appeal from Trial Term, New York County.

Action by Samuel S. Watson against Jacob B. Ross.   Judgment for defendant, and plaintiff appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Walter B. Raymond, of New York City, for appellant.

William D. McNulty, of New York City, for respondent.

DOWLING, J.   Appeal from a judgment in favor of defendant dismissing the complaint on the ground that this action was barred by a judgment rendered in the United States Circuit Court for the District of Colorado in a former action between the same parties.   The present action is brought to secure the return of $15,000 paid by plaintiff to defendant pursuant to the following agreement:

"New York, March 15, 1909.

"Samuel S. Watson, Esq., 10 Wall Street, New York, N. Y.—Dear Sir: Regarding the Esmeralda properties near Silverton, confirming our conversation and in consideration of your making the first payment of $15,000 on account of the purchase price of these properties, and in case you should find upon investigation that my statements are not substantiated, upon notice to

me prior to July 1, 1909, I agree to take the properties off your hands and return to you the amount you have advanced on account of the purchase price within sixty days from such notice.

    "Yours truly,                                     J. B. Ross."

The complaint, after setting forth the agreement, identifies the Esmeralda properties as certain mines, mining claims, and mining properties, set forth in a "mining option" lease and bond annexed to the complaint, and proceeds to aver that previous to the making of said mining option lease and bond, dated March 16, 1909, and as an inducement to the plaintiff to advance the money to make the payments on account of the purchase price for said mining properties, the defendant made certain statements and representations to the plaintiff respecting said properties, the value of the developed ores in and on the same, the cost of mining, transporting, and milling the developed ores, the cost of smelting and recovering the precious metals in said developed ores, the cost and expenses of operating the properties, and the cost of mining the developed ores and of recovering the values therefrom, all of which representations are set forth at great length and with minute particularity. It is further alleged that plaintiff believed the statements and representations of the defendant to be true, and relying thereupon, and on the agreement hereinbefore set forth, did on March 24, 1909, pay to the defendant on account of the purchase price of said properties the sum of $15,000; that plaintiff upon investigation found such statements and representations made by the defendant to the plaintiff, and referred to at length thereinbefore, to be false, and that plaintiff found upon investigation that the said statements were not substantiated, and the particulars wherein said statements were not found to be substantiated, and the variances between them and the facts, are set forth at length in the complaint, including therein the result of an investigation made by a mining engineer whose selection had been approved by the defendant, and the results of whose inquiries were communicated to the defendant.

Plaintiff then avers that he gave defendant the necessary notice before July 1, 1909, in writing, as required by the agreement, that plaintiff's investigations up to that time had failed to substantiate the defendant's statements, and demanded that defendant take the properties off his hands and repay him the amount advanced on account of the purchase price, in accordance with the written agreement. Whereupon defendant waived the time limit mentioned in the contract, from July 1, 1909, to August 1, 1909, in order that plaintiff might have further time and opportunity to investigate said mining properties, which plaintiff did, and again found that certain statements and representations made to him by the defendant were false, and were not substantiated, but found the facts to be as recited in the complaint. Whereupon, prior to August 1, 1909, plaintiff again formally gave notice in writing to the defendant that he had found upon investigation that the defendant's statements and representations respecting the said mining properties, and the amount and values of said ore reserves and dump, were unsubstantiated and false, and that defendant's representations and statements respecting said mining properties, and the amount and value of said ore reserves, were not substantiated, because

of which he required the defendant to take the properties off his hands and repay him the sum of $15,000 paid pursuant to the written agreement. It is also alleged that plaintiff before the commencement of the action made formal tender to the defendant of a duly executed assignment of the mining option, and all right, title, and interest of the plaintiff, and all persons holding through or under him, in the mines and properties in question, and demanded the return of the $15,000 paid by him, which the defendant failed to repay.

[1] It will be seen that this action is purely one in contract, and that the sole reason for setting forth the misrepresentations made by the defendant and the particulars wherein they were found not to be substantiated is to show that plaintiff has complied with the terms of the agreement, and that the conditions existed which warranted the demand for the return of his money. The Colorado action was one in fraud, brought in the United States Circuit Court for the District of Colorado, to recover the sum of $24,713.60, and the complaint therein set forth the making of the representations by the defendant as an inducement to the plaintiff to purchase the mining properties in question, which representations are set forth at great length, and corres-·pond exactly with the representations alleged in the present action. So, also, the allegations as to the falsity of those representations are identical with the allegations in the present suit. But in the Colorado action, as was necessary in one based on fraud, there was a further allegation that:

"The defendant falsely and fraudulently and knowingly and willfully, with intent to deceive the plaintiff and thereby induce the plaintiff to advance the moneys to make the payments to the defendant on account of the purchase price of the said properties and to advance moneys for the working and operating of said properties, did make all the false and fraudulent statements and misrepresentations and the said report respecting the said mining properties set forth in paragraph marked III hereof."

The complaint in that action further set forth plaintiff's reliance upon the statements and representations made to him by the defendant, and the failure of defendant upon demand to return to the plaintiff the various sums which he had been induced to advance and pay on account of the working and operating of the mines, which included the $15,000 paid as a first payment on the property and the sum of $9,-713.60 paid out and expended by and under the direction of the defendant in connection with the working, equipment, and operation of the properties. It will thus be seen that this action is one in contract, whereas the Colorado action was one in tort. The amount sued for is not the same in both cases, although in the Colorado action there was included in the demand for judgment the amount of the first payment on the properties, which is sued for here. The trial in Colorado resulted in a verdict of a jury which is recorded in the following form:

"And afterwards on this same day came again the said jurors, and on their oath did say that they find the issues herein joined in favor of the defendant."

I think that the rule laid down in Marsh v. Masterton, 101 N. Y. 401, 5 N. E. 59, is applicable to the case at bar. In that case there had been a first action brought for an accounting between the parties, bas-

ed on allegations of a copartnership between them, while the second action was brought upon a contract of employment whereby plaintiff was to receive one-half the profits of the business of the defendant as payment for his services. In sustaining the plaintiff's contention that the prior judgment against him was not a bar to his recovery in the second action, the court said (page 407 of 101 N. Y., page 61 of 5 N. E.):

"To render a judgment effectual as a bar, the cause of action must be substantially the same; that is, it must be sustained by the same evidence, although the form of the suit may be different."

And further:

"It is not sufficient, to establish the identity of the two causes of action, that the plaintiff was seeking in both actions to recover the same amount of money, or even the same damages. It is well settled that one may sue to recover damages for fraudulent representations upon a sale of property, and if he fails to establish the fraud, and is defeated upon that ground, that he may subsequently bring an action for breach of warranty based upon the same transaction and the same representations and to recover precisely the same damages. In one case the action is based upon tort, and in the other upon contract, and the causes of action are not identical, and could not be sustained by the same evidence. So a party may sue in an action of trover to recover the value of property, and, being defeated in that action on the ground that there was no wrongful conversion, he may sue to recover the value of the same property upon the theory of a sale. The damages sought to be recovered in each action, to wit, the value of the property, would be the same, and yet that does not determine the identity of the causes of action. Proof of the compensation agreement alleged in this action would not have been sufficient to maintain the first action, based upon the partnership agreement. The first action established conclusively that there was no partnership agreement between the parties, and both parties were estopped by that adjudication from again alleging that there was."

[2] Applying this rule to the case at bar, it becomes apparent that the Colorado action was not a bar to the present one. The same evidence would not have sustained both causes of action. In the Colorado action it was necessary for the plaintiff to prove (1) the making of the representations by the defendant; (2) their falsity; (3) scienter; (4) plaintiff's reliance thereupon; (5) damage. In the case at bar it is necessary for the plaintiff to establish (1) the making of the representations by the defendant; (2) the finding after investigation that they were not substantiated; (3) the making of the agreement to repay the plaintiff his $15,000 payment. It thus appears that the testimony in this action would not have enabled the plaintiff to recover in the Colorado action, because in the case at bar he is not required to prove scienter; while the testimony in the Colorado action would not have supported this action, because the agreement to refund the $15,000 was not an issue tendered by the pleadings in that action, nor any part of the plaintiff's case therein, and the mere falsity of the representations made by the defendant would not justify a recovery under the agreement in suit, which requires an investigation as the basis for the claim of lack of substantiation of defendant's representations. The causes of action, therefore, are not identical. Nor do we think that the form of the jury's verdict in the Colorado action is to be given any more force than a general verdict for the defendant.

[3] We are not referred to any statute or practice under which any

more weight should be given to that verdict than a general finding for the defendant. In the absence of a special finding, it does not appear upon what theory the jury on the Colorado trial found for the defendant. It may have found that the representations were not made by the defendant, or it may just as well have based its finding in his favor on the lack of scienter, or on plaintiff's reliance on the agreement to repay him the $15,000, instead of upon such representations as were made to him. Under these conditions the burden of estoppel was upon the party relying thereupon to show that the jury found in his favor upon a specific issue which would bar the present suit. De Sollar v. Hanscome, 158 U. S. 216, 15 Sup. Ct. 816, 39 L. Ed. 956; Black on Judgments, §§ 615, 728; Rowland v. Hobby, 26 App. Div. 522, 50 N. Y. Supp. 629.

The judgment appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.