SANFORD ALPER and Others, Plaintiffs, *v.* GREATER NEW YORK
BROADCASTING CORP., Defendant.

City Court of New York, Trial Term, New York County, April 22, 1942.

*Boudin, Cohn & Glickstein* [*Leonard B. Boudin* of counsel], for
the plaintiffs.

*Sanford H. Cohen* [*Sanford H. Cohen, Henry H. Silverman* and
*Sol E. Flick* of counsel], for the defendant.

CARLIN, J. Plaintiffs were members of a labor union which
contracted with defendant's predecessor in ownership and operation
of a certain radio broadcasting station where plaintiffs were
employed. The contracts, among other things, governed the weekly
working hours of plaintiffs; so far as material to the issue the lunch
or rest hour is the controversial question between the parties;
the contracts provided that this hour was included in the forty-
hour week as to all plaintiffs except Tanzman whose week com-
prised forty-two hours. The contracts were assumed by defendant
when it succeeded to its predecessor's interest in the station. There-
after it posted a written rule in the station apprising its employees
of a change in this contractual provision to a weekly number of
working hours the same as in the contract except that it excluded

therefrom the lunch or rest hour, thereby adding an extra hour for each working day from May 17, 1940, when this change became effective, to October 1, 1940, the date the contract assumed by defendant expired. The defendant in furtherance of economy discharged certain employees, and under a provision of the contract the union and defendant submitted to arbitration two questions, namely, (a) the propriety of the discharges and (b) the propriety of the rule promulgated by defendant whereby the normal working day was extended one hour. After protracted hearings the arbitrator by his award ordered the reinstatement of the discharged employees and provided for their payment by the defendant of "the difference between their earnings since their discharge and the amount which down to the time of their reinstatement, they would have received if they had not been discharged;" as to the defendant's aforesaid rule the award stated: "*I do further award that the employer   *   *   *   shall revoke for the period of effectiveness of the contracts now in force, the rule announced by its excluding the lunch or rest hour from the eight hours per day to be paid for.*" The award was confirmed by order of the Supreme Court, New York County, on November 20, 1940; the order of confirmation was resettled by order of December 18, 1940, to set forth the exact amounts to which each of the discharged employees was entitled. The amount which each plaintiff seeks to recover with the exception of Tanzman is conceded to be correct if the court finds that they are entitled to judgment. Both sides argue that the award of the arbitrator is *res judicata* justifying judgment for plaintiffs as they contend and for the dismissal of the complaint as urged by the defendant which also argues that the claims asserted in this action could have been the subject of the arbitration and that, therefore, the present suit is tantamount to splitting of causes of action so repugnant to the principle that multiplicity of suits should be avoided. Both sides submitted elaborate briefs extensively citing a multitude of authorities to buttress their contentions. The weakness of the defendant's arguments lies in the fact that it was a party to the arbitration which limited the matters submitted for disposal and that the rights of the plaintiffs in so far as set forth in the complaint were not before the arbitrator except inferentially in regard to the validity of the rule abrogating an important provision governing the lunch or rest hour; as to that rule the arbitrator, with reasons cogently expressed in his opinion, held for its revocation. It may be stated that after the arbitrator had filed his award an effort was made by the attorneys for petitioner union (plaintiffs' attorneys here) to have him amend his award so that the matters involved here might have been disposed of there,

He rightly refused on the ground that he was *functus officio* and had disposed fully of the questions submitted to him; in so refusing he acted properly. (Civ. Prac. Act, § 1462-a, subd. 2.) The plaintiffs by this arbitration are not estopped by its award as the issue herein was not there determined. (2 Freeman on Judgments [5th ed.], § 689.) The defendant has the burden of showing otherwise. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Zoeller* v. *Riley*, 100 id. 102; *King* v. *Doerr*, 145 App. Div. 177, 179; *Marine T. Corp.* v. *Switzerland G. Ins. Co.*, 263 N. Y. 139, 147.) The judgment, based upon the award, could have been conclusive as to the matters therein at issue as well as to those matters which might have been litigated; however, though the rights of plaintiffs were initiated at the time of the submission to arbitration they had not fully matured when the arbitrator had filed his award even though that award was not confirmed until after expiration of the term of the contract which defined plaintiffs' rights; the question submitted for arbitration, consented to by defendant, precluded an affirmative finding by the arbitrator of plaintiffs' rights to payment for one hour's extra work each day as set forth in the contract with compensation at time and a half of their regular salary for any time worked over a forty-hour week, except as in the case of Tanzman. The award in arbitration does not militate against plaintiffs' maintenance of their causes of action as said proceeding and this action have not " such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307; *Karameros* v. *Luther*, 279 id. 87, 91; also *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 id. 239, 245.) *Wille* v. *Maier* (256 N. Y. 465), cited by defendant, is not an authority to the contrary. The principle is pertinently put in *Griffen* v. *Keese* (187 N. Y. 454, 464) as follows: " As to the issue actually decided the judgment in that action is *res judicata, but it cannot have that effect* upon a question which was not then involved and, for aught we know, had not yet then arisen." (Italics supplied.) (For an illuminative exposition of the whole subject of *res judicata*, see editorial, N. Y. L. J., April 7 to 10, 1942, by Bethuel M. Webster, of the New York Bar.) The award and the judgment thereon are not *res judicata* except as to " such matters as are included in the formal award pursuant to the statutory requirements." (10 Carmody's N. Y. Practice, § 1271, citing *Conway* v. *Roth*, 170 N. Y. Supp. 176. See, also, 6 C. J. S. 242.) The court has given due consideration to the points urged by both sides and has read the authorities embodied in their excellent briefs. So far as material to the issues the court is of the opinion that the foregoing citations

dispose of the questions confronting it for decision. Both sides contending for *res judicata* find the doctrine applicable only to plaintiffs' causes of action which stem from the contract sought to be abrogated by defendant's promulgation of a rule found illegal by the arbitrator whose award was confirmed by a judgment not attacked by appeal; for the reasons indicated there is no force in defendant's argument that the relief sought in this action could have been had in the arbitration proceeding. Nor does the court find any waiver by plaintiffs of their rights under the contract by accepting their respective salaries — based on a forty-hour-week — with the lunch hour period excluded from the terms of the contracts — after the defendant's attempt to delete from the contracts the provision providing for payment based on a forty-hour week with the lunch hour included; had the defendant prevailed in the arbitration proceeding the question would have been moot; the arbitrator upholding the contracts defendant cannot reasonably argue that, therefore, plaintiffs cannot recover here on the theory of waiver of rights to additional pay by acceptance of a pay not including that which the contract provided. To hold that there is a waiver would do violence to the fundamental law of consideration which is the heart of a contract. There was no relinquishment, intentional or inferential, by plaintiffs of their rights in the premises. Motions by defendant to dismiss the complaint upon which decision was reserved are denied with exception to defendant; motions by plaintiffs to dismiss the affirmative defenses of defendant are granted with exception to defendant. The judgment roll in the arbitration proceeding was considered herein as a plaintiffs' exhibit. Findings of fact and conclusions of law were waived at the trial. Judgment against defendant is granted to each of the following named plaintiffs in the amounts hereinafter set forth with interest to be computed thereon from October 1, 1940: Robert E. Study, $275.34; Robert W. Dickens, $182.54; Walter A. Graham, $241.56; William Wegge, $151.13; Karl Neuwirth, $225.17; Arthur Olsen, $165.93; Frank Learney, $189.75; Maurice Kamke, $175.32; Eric Potts, $170.63; Sanford Alper, $130.59; Arnold King, $14.06; David Tanzman, $54.52; Alan Stratton, $182.80; Charles Berry, $201.94; Gaetano Ferri, $191.25; Richard Dorf, $70.88. Ten days' stay and thirty days to make a case.