ANNE E. MANARD, an Infant, by AGNES MANARD, Her Guardian ad Litem, et al., Appellants, *v.* HARDWARE MUTUAL CASUALTY COMPANY, Respondent.

Fourth Department, December 1, 1960.

*Karz, Buetens & Dinolfo* (*Melvin M. Buetens* of counsel), for appellants.

*Fix & Spindleman* (*Meyer Fix* of counsel), for respondent.

*Per Curiam.* The Special Term granted summary judgment in favor of the defendant insurance company upon the ground that a judgment in favor of the owner of the automobile involved in the accident, entered upon a jury verdict of no cause of action, was *res judicata* against the plaintiffs in the present action brought by them to enforce the liability of the insurance company under the omnibus coverage clause in its policy for a default judgment recovered by the plaintiffs in an action against the driver of the automobile.

The defendant maintains, as its primary contention, that the prior judgment conclusively established that the driver of the automobile was operating it without the consent of the owner within the meaning of section 59 of the Vehicle and Traffic Law and that this, in turn, conclusively established that the automobile was being driven without the permission of the owner within the meaning of the provisions of the insurance policy, citing *Hinchey* v. *Sellers* (7 N Y 2d 287). The difficulty with this contention is that, upon the trial of the action against the owner, the issues of negligence and contributory negligence were litigated as well as the issue of absence of consent. It is impossible to determine from the general verdict in favor of the defendant in that action whether the determination was based upon an adverse finding by the jury on the issues of negligence or contributory negligence or whether it was based upon a finding of the absence of consent. In this situation, the judgment entered on the jury's verdict cannot be made the basis of a collateral estoppel as to either of the grounds upon which it might have been based (*Rowland* v. *Hobby,* 26 App. Div. 522; *King* v. *Doerr,* 145 App. Div. 177, affd. 203 N. Y. 559; *Watson* v. *Ross,* 168 App. Div. 788; Restatement, Judgments, § 68, comment *l,* p. 306; 30A Am. Jur., Judgments, §§ 381, 466, pp. 430–431, 506–507; 50 C. J. S., Judgments, § 719, pp. 198–203).

However, the defendant argues that this rule does not apply in a case in which the second action would be barred in any event, regardless of the ground upon which the jury based its verdict in the first action. The defendant argues that, even if it is assumed that the jury's verdict was rendered on the issues of negligence or contributory negligence, it conclusively established that the plaintiffs were not entitled to succeed on those issues and therefore the judgment in favor of the owner bars the plaintiffs from recovering against the driver.

It is an open question in this State whether a finding in favor of the owner on the negligence issues would be binding on the injured person in a subsequent action against the driver. A contrary finding in the action against the driver would not impair the prior judgment in favor of the owner since the owner could not be called upon to indemnify the driver for the recovery obtained against him; the obligation to indemnify runs the other way. Therefore, while a judgment in favor of the driver in an action brought by the injured persons against him bars a subsequent action by them against the owner (*Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14), it has been held by some authorities that a judgment in favor of the owner on the negligence issue would not bar an action against the driver (Restatement, Judgments, § 96, subd. [2] and comment *j* and illustration No. 9, pp. 481–483; cf. *Elder* v. *New York & Pa. Motor Express,* 284 N. Y. 350). However in view of the current tendency in this State to extend the defensive use of collateral estoppel to any case in which the plaintiff has had a full opportunity to try out the issue against one who was associated in interest with the present defendant (*Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116), it may well be held that the finding on the negligence issue would be binding on the plaintiff in the action against the driver. It has been so held in the Third Department. (*Wolf* v. *Kenyon,* 242 App. Div. 116; *Jones* v. *Young,* 257 App. Div. 563.) This is the rule in a majority of jurisdictions (Ann. 133 A. L. R. 181, 188–189; 23 A. L. R. 2d 710, 719–720). But, even if it is assumed that the finding in favor of the owner could be used defensively by the driver in the subsequent action brought against him, the fact remains that the driver in this case did not defend either upon the ground of *res judicata* or upon any other ground. As has been stated, the driver defaulted and a judgment was entered against the driver by default. In the present action against the insurance company, the insurance company cannot go behind the judgment and raise defenses going to the merits of the plaintiffs' claim against the driver. The only ground upon which the insurance company can defend is that the omnibus coverage clause in its insurance policy did not cover the driver because she was operating the car without the permission of the owner. As has been indicated, the prior judgment in the action against the owner is not *res judicata* on this issue because it cannot be determined that the jury's verdict was rendered upon that ground and therefore the issue will have to be tried out *de novo* in the present action.

Finally, even if there had been a special verdict in the prior action by which it had been specifically found that the car had

been operated without the consent of the owner, the jury's verdict could not be made the basis of a collateral estoppel in the present action. The driver was not a party upon the trial of the prior action and she was not a party to the determination of the issue of whether she had operated the car with or without the owner's consent. If the driver paid the judgment against her and sought indemnity from the insurance company, the issue of permission would have to be tried out *de novo* (cf. *Commissioners of State Ins. Fund* v. *Low,* 3 N Y 2d 590). The plaintiffs stand in the shoes of the driver to the extent of being able to enforce any obligation which the insurance company owed to the driver (Insurance Law, § 167) and therefore the plaintiffs are entitled to have the issue of permission tried out *de novo* in this action.

The summary judgment in favor of the defendant insurance company should therefore be reversed and its motion for summary judgment should be denied.

Present — Bastow, J. P., Goldman, Halpern and McClusky, JJ.

Judgment and order unanimously reversed on the law and facts, with costs and motion denied, with $10 costs.