FOREY v. THE WESTERN STAGE COMPANY.

1. Evidence: MEASURE OF VALUE. In an action for services rendered, evidence showing the sum another party received for the same services is not admissible for the purpose of establishing their value.

2. Pleading: SPECIAL CONTRACT, AND QUANTUM MERUIT. In an action for services rendered, the petition alleged that the services "aforementioned were worth to the defendant herein the sum of three hundred dollars;

which amount the said defendant, for the reasons hereinbefore mentioned, agreed to pay plaintiff herein. *Held,* That the plaintiff did not claim under a special contract; and that if the services were rendered, he was entitled to recover their reasonable value.

*Appeal from Decatur District Court.*

FRIDAY, JANUARY 19.

THIS is an action to recover fees for services rendered by the plaintiff, as an attorney-at-law for the defendant, in a certain suit named in the petition. The petition, after stating the case in which the services were rendered, and other special facts concerning it, and that by reason of its importance, &c., he was compelled to employ an assistant, further states as follows: "And the plaintiff, with said assistance, tried said cause and did their work well. The services aforementioned were worth to the defendant herein the sum of three hundred dollars, which amount the said defendant, for the reasons hereinbefore mentioned, agreed to pay plaintiff herein." There was issue taken upon the allegations of the petition, and the case was tried to a jury, which returned a verdict in favor of the plaintiff, for one hundred dollars. A motion for a new trial was made and overruled, and the defendant appeals.

*Perry & Townsend* for the appellants.

*Samuel Forey pro se.*

COLE, J. — I. The plaintiff proved that he had rendered the service sued for, and that they were worth one hundred dollars, and rested his case. Thereupon the defendant introduced a witness for the purpose of proving, and offered to prove by him, that the defendant had paid the assistant employed by plaintiff twenty-five dollars in full for his services; this evidence, it is stated in the bill of exceptions, was asked to be "intro-

1. EVI-DENCE: measure of value.

duced as a *circumstance* to show that plaintiff's claim for three hundred dollars was too high." The court, on proper objection, excluded the testimony, and this is the first alleged error complained of.

The court properly excluded the evidence. It was not competent to measure the plaintiff's right of recovery, by what some other person may have consented to accept in full for his services. It could not be any legitimate circumstance that another, under the pressure of necessity, or to avoid litigation, or for any other cause, even willingly, accepted a given sum for his like services. The real question at issue was the value or worth of the services of plaintiff, and not what another may have accepted as payment in full for his.

II. After all the evidence was introduced, the defendant asked the court to instruct the jury that they "must find 2. PLEAD-ING: special contract: *quantum meruit.* for the defendant if the plaintiff has failed to prove that defendant promised and agreed to pay three hundred dollars as alleged." Two or three other instructions of the same import were also asked; but the court refused to give either of them, and instructed the jury that if they were "satisfied from the testimony that the plaintiff rendered the services for defendant, as claimed in the petition, he is entitled to reasonable compensation for such services, provided his management was proper and reasonably skillful," &c. The refusal to give the instructions, as asked by defendant, was duly excepted to, and is now assigned as the only other error.

The theory of the instructions, as asked by defendant, must have been and was that plaintiff's petition alleged and claimed to recover upon a *special contract.* We do not so understand the petition, and therefore hold, that the court properly refused the instructions as asked, and that the judgment of the District Court stands

Affirmed.