## LAWRENCE B. NORRIS *vs.* JOHN I. MUNROE.

Middlesex.   Jan. 13. — Feb. 27, 1880.   COLT & LORD, JJ., absent.

If the defendant files a declaration in set-off, appeals from a judgment against
  him, and enters into a recognizance to prosecute his appeal, the filing, by the
  plaintiff, after the entry of the appeal, of an answer to the declaration in set-off,
  is a waiver of any defect in the form of the recognizance.

CONTRACT for $24.60, goods sold and delivered.   The defend-
ant filed a declaration in set-off for $27.20.   The trial justice
before whom the action was commenced gave judgment for the
plaintiff for $22.57 on September 21, 1878, and the defendant on
September 23 appealed, and entered into a recognizance, with
sureties, reciting his appeal from that judgment "to the next
Superior Court to be holden at Lowell within and for the county
of Middlesex on the first Monday of September, 1878," and con-
ditioned that the defendant should "prosecute his appeal at said
Superior Court with effect, and pay all intervening damages and
costs."

In the Superior Court, the action was entered at September
term 1878.   At December term 1878, the plaintiff filed an an-
swer to the defendant's declaration in set-off.   At March term
1879, the attorneys for both parties signed an agreement to put
the action on the trial list for that term; and, at the trial, the
plaintiff moved to dismiss the appeal, because the appellant had·
not recognized to the plaintiff with sufficient surety or sureties,
in accordance with the provisions of the St. of 1877, *c.* 236.
*Putnam,* J., overruled the motion; and the plaintiff alleged ex-
ceptions, which, after judgment for the defendant in the sum of
$2.80, were entered in this court.

*G. W. Norris,* for the plaintiff.

*C. D. Adams,* for the defendant.

GRAY, C. J.   The only question of law which appears by the
bill of exceptions to have been presented to the Superior Court
is that arising upon the motion to dismiss the appeal for defects
in the form of the recognizance.   But at December term 1878 of
the Superior Court, being the term at which the appeal should
by law have been entered, and the appeal having been thereto-
fore entered and being actually before that court, the plaintiff

filed an answer to the defendant's declaration in set-off, and thereby waived any right to move to dismiss the appeal for such defects. Whether any action could be maintained on the recognizance, or whether the appeal was duly taken, is not before us.

*Exceptions overruled*