FRANKLIN MARSH, Respondent, *v.* JOHN H. MASTERTON, Appellant.

A judgment in a former suit between the same parties is a bar to a subsequent action only when the point or question in issue is the same in both ; the former judgment has no effect upon questions not involved in it, which were not then open to inquiry or the subject of litigation.

Plaintiff brought an action against defendant, the complaint in which alleged a partnership between them, and asked for a dissolution thereof, the appointment of a receiver, and an accounting, etc. The answer was a general denial. On the trial it was found as matter of fact that no co-partnership existed, and the complaint was dismissed. Plaintiff then brought this action to recover for labor and services alleged to have been rendered under an agreement between the parties, by which he was employed to oversee, take charge of, carry on, and labor in the business of the defendant, and the latter agreed to pay him for such service one-half the profits of the business after deducting interest on the capital invested. Plaintiff asked judgment for his share of the profits. *Held,* that the former judgment was not a bar.

The business carried on was that of mason and builder. Upon the trial

defendant claimed credit for moneys paid as gratuities to the architects having charge of the work. There was no proof that the payments were beneficial to the parties, or that they were necessary or justifiable upon business principles. *Held,* that the credits were properly rejected, Defendant, after plaintiff's employment had terminated, took in payment for work done, from a person perfectly responsible, two bonds which he knew at the time to be worthless. *Held,* that defendant was not entitled to any deduction for the loss thus sustained.

(Argued January 29, 1886; decided February 12, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 4, 1884, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 18 J. & S. 187.)

The nature of the action and the material facts are stated in the opinion.

*S. W. Rosendale* for appellant. Assuming that plaintiff now proves a hiring for half the profits as compensation, the former judgment is a bar; evidence of plaintiff in this suit shows that if there were any such contract as he claims, it was a contract of partnership and not one of hiring, and the former judgment is then unquestionably a bar. (Coll. on Part. [5th Am. ed.], § 44, note 2; 7 Jarm. Conv. by Sweet, 11, note *a ; Holmes* v. *Old Colony R. R. Corp.,* 5 Gray, 58; 1 Story's Eq., §§ 442, 459*c ; Fairchild* v. *Robinson,* 7 Rob. 572; *Russell* v. *Corne,* 20 N. Y. 81; *Van Rensselaer* v. *Jones,* 2 Barb. 643; *Fels* v. *Vestvali,* 2 Keyes, 153; *Lobdell* v. *Lobdell,* 36 N. Y. 327.) If in the first suit plaintiff could have proved the very contract he now alleges, and have had an accounting thereon, then the former suit is a bar, for a former adjudication is quite as much a bar, for all that could have been proved therein as for all that was proved therein. (*Embury* v. *Connor,* 3 N. Y. 522; *Clemens* v. *Clemens,* 37 id. 74; *Bloomer* v. *Sturges,* 58 id. 176; *Jordan* v. *Van Epps,* 85 id. 436; *Smith* v. *Smith,* 79 id. 634; *Pray* v. *Hegeman,* 98 id. 351.) In any view, the testimony of defendant relied upon by plaintiff is equally consistent with the idea of partnership

or hiring, and of course, being consistent with either, can prove neither. (71 N. Y. 141.) There being no evidence, then, of a contract of hiring, the finding that there was one is error in law. (*Sheldon* v. *Sheldon*, 51 N. Y. 354; *Mason* v. *Lord*, 40 id. 477; *Fellows* v. *Northrup*, 39 id. 117.)

*William A. Coursen* for respondent. In order to bar a second action the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second. (*Stowell* v. *Chamberlain*, 60 N. Y. 272, 276; *Palmer* v. *Hussey*, 87 id. 303.) Whether the matter might have been tried in the former action must appear from the record alone; whether it was tried may be proved by parol. (*Campbell* v. *Butts*, 3 N. Y. 173; *Smith* v. *Smith*, 79 id. 634; *Young* v. *Rummell*, 2 Hill, 479, 481; *Dunckle* v. *Wiles*, 6 Barb. 515, 529.) The trial of the first action having been had before the court, without a jury, the facts found by the court are conclusive upon the parties, and will be considered as *res adjudicata* for all purposes. (*Bissell* v. *Kellogg*, 60 Barb. 617; *Arnold* v. *Angell*, 62 N. Y. 508.) The doctrine of *res adjudicata* applies only where a party has a full opportunity to assert his rights, and ask for the remedy, in an action presenting or affording the opportunity to present the claim, and where an issue is or can be legitimately framed to try it, and the court has jurisdiction, both of the parties and of the subject-matter. (*Dawley* v. *Brown*, 79 N. Y. 390, 397; *Stowell* v. *Chamberlain*, 60 id. 272; *Matthews* v. *Duryee*, 4 Keyes, 525, 538; *Campbell* v. *Consalus*, 25 N. Y. 613; *Burdick* v. *Post*, 12 Barb. 168; *Baker* v. *Rand*, 13 id. 152, 160; *Vaughan* v. *O'Brien*, 57 id. 491, 495.) It is not sufficient that the transactions involved in and giving rise to the two actions are the same. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Dawley* v. *Brown*, 79 id. 390; *Jackson* v. *Andrews*, 98 id. 672; *Derleth* v. *DeGraaf*, 51 N. Y. Supr. Ct. [J. & S.] 369; *Arnold* v. *Clark*, 9 Daly, 259; *Perry* v. *Dickinson*, 85 N. Y. 345.) The mere fact that by the agreement between the plaintiff and the defendant, the plaintiff was to receive one-half of the

profits, does not show that a partnership existed between them. (*Lewis* v. *Greider*, 51 N. Y. 231 ; *Bonty* v. *Swift*, id. 594 ; *Osbrey* v. *Reimer*, id. 630 ; *Burckle* v. *Eckhart*, 1 Den. 337 ; *S. C.*, 3 N. Y. 132 ; *Conklin* v. *Barton*, 43 Barb. 435 ; *Ogden* v. *Astor*, 4 Sandf. 311, 321 ; *Pattison* v. *Blanchard*, 5 N. Y. 186 ; *Heimstreet* v. *Howland*, 5 Den. 68 ; *Legget* v. *Hyde*, 58 N. Y. 272 ; *Smith* v. *Bodine*, 74 id. 33 ; *Richardson* v. *Hughitt*, 76 id. 55 ; *Burnett* v. *Snyder*, 81 id. 550 ; *Curry* v. *Fowler*, 87 id. 30 ; affirming *S. C.*, 46 N. Y. Super. 195 ; *Bendel* v. *Hettrick*, 35 id. 405 ; *Adee* v. *Cornell*, 25 Hun, 78 ; 3 Kent's Com. 33 ; *Smith* v. *Bodine*, 74 N. Y. 30 ; *Merwin* v. *Playford*, 3 Robt. 702 ; *Cummings* v. *Mills*, 1 Daly, 520 ; *Lamb* v. *Grover*, 47 Barb. 317.)

Earl, J. In November, 1873, the plaintiff commenced an action against the defendant, and in his complaint alleged that on the 1st day of May, 1872, at the city of New York, he entered into copartnership with the defendant for the purpose of carrying on the business of masons and builders ; that by the terms of the copartnership the partners were to share equally in the profits of the business, the defendant to be allowed interest, however, on his capital ; that thereafter from the 1st day of May, 1872, until the 1st day of August, 1873, the plaintiff and defendant carried on the copartnership business successfully, and that there were more than sufficient assets of the copartnership to pay all its debts ; that since the 1st day of August, 1873, the defendant had taken exclusive possession of the copartnership books and property, and had prevented the plaintiff from having any control over or access to the same ; that the plaintiff and defendant were unable to agree upon the terms and mode of the dissolution, and the winding up of the affairs and business of the copartnership, and were unable to agree upon the person who should possess and control the partnership books and assets and settle up its affairs ; and he demanded judgment that the partnership should be dissolved, that a receiver of its property should be appointed by the court with the usual powers of such receivers ; that an

accounting should be had, the assets converted, applied and divided, and for other relief. The defendant interposed a general denial to the complaint and demanded that it should be dismissed, with costs. That action was subsequently brought to trial, and the referee found as matter of fact that the plaintiff and defendant did not enter into copartnership as alleged in the complaint; and as a conclusion of law, he found that the complaint should be dismissed and that the defendant should have judgment for costs. Thereafter, in October, 1875, the plaintiff commenced this action, and alleged in his complaint, that he was by trade and occupation a mason; that the defendant carried on the business of a mason and builder; that on or about the 1st day of May, 1872, at the city of New York, the plaintiff and defendant made and entered into an agreement whereby, in consideration of the plaintiff overseeing, taking charge of, carrying on and laboring in the business of the defendant, he agreed to and with the plaintiff to pay him for such services one-half of all the profits derived from the business, after deducting the interest on the capital invested by the defendant; that afterward from the 1st day of May, 1872, until the 1st day of August, 1873, the plaintiff was continually in the employment of the defendant and performed the services, and managed, took charge of and labored for the defendant in his business under the agreement; that the business of the defendant from the 1st day of May, 1872, until the 1st day of August, 1873, was very successful and profitable, and that he made and received as profits of the business during that time, after deducting the interest on the capital invested, the sum of $21,000, and that for one-half of that amount, less a credit mentioned, the defendant was indebted to plaintiff under their agreement; and he demanded judgment for $7,862.20 with interest, besides costs. To this complaint the defendant interposed an answer in which he denied the allegations of the complaint, and alleged in bar of the action the judgment recovered by him in the former action. The cause was referred to a referee, and after hearing the evidence he found the agreement between the parties to be substantially as alleged in the complaint, and he

took the account between them and found there was due the plaintiff under the agreement upwards of $7,000, for which he ordered judgment. In reference to the former action and the recovery therein, he found as matter of fact that that action was brought in respect to the same work and for an accounting and recovery in respect to the same profits for which this action was brought, but he found as matter of law that that action was not a bar to this.

We think the referee correctly held that the former action was not a bar to this. The causes of action in the two suits were not the same. The cause of action in the first suit sprang out of the alleged relations between the plaintiff and defendant as copartners, and was based upon the right which the plaintiff derived from that relation to an accounting and his share of the profits. Here the cause of action is based entirely upon the contract alleged, and the right of the plaintiff to compensation under that contract and according to its terms. According to the allegations of the complaint in the first action, the plaintiff was equally interested with the defendant as owner of the property and effects of the firm, and as such had an equal right with him to control and dispose of the same. According to the allegations of the complaint in this action, he did not own any of the property or assets of the business and had no right to dispose of the same, and was only entitled to his compensation to be measured by the profits. The same evidence would not sustain the two actions. To maintain the first action it was necessary to establish the copartnership. To maintain this action it was necessary to establish the agreement employing the plaintiff and fixing his compensation.

While the court in the first action could probably have permitted the plaintiff so to amend his complaint as to conform it to the proofs, and so as to enable him to recover a share of the profits as a compensation for his services, it was not bound to do so, and he had no absolute right to such an amendment. It cannot, therefore, be said that this cause of action could have been litigated, tried and determined in the former action. The

plaintiff was there defeated because he misconceived the form of his action — not because he did not have a meritorious claim to the profits he was seeking to share in.

A few rules as to the effect to be given to former recoveries may be stated thus : One shall not be twice vexed for one and the same cause, and an allegation of record upon which issue has been taken and found is, between the parties taking it and their privies, conclusive, according to the finding thereof, so as to estop the parties from again litigating the fact once so tried. But in order to bar the second action, the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second. The estoppel of an adjudication made on grounds purely technical and where the merits could not come in question is limited to the point actually decided, and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first. When a suit fails in consequence of a want of jurisdiction, or because the plaintiff misconceived the remedy, or did not bring the proper parties before the court, and not from any inherent defect, the substance of the cause is left at large, and may be made the subject of another action. To render a judgment effectual as a bar, the cause of action must be substantially the same ; that is, it must be sustained by the same evidence, although the form of the suit may be different. (2 Smith's Lead. Cas., Hare & Wall. notes 783, 784, 786.) In *Harding* v. *Hale* (2 Gray, 399), in an action for goods sold, the defendant answered that he had, in part payment of the price, given a special promise to pay certain debts of the plaintiff, and had performed that promise, and that he had otherwise paid the remainder of the price ; and it was held that a judgment for the defendant in that action was not a bar to a subsequent action on the special promise. The judge writing the opinion said : " It would seem to be plain, therefore, that the judgment in the first suit constitutes no bar to the maintenance of this action. The first suit was not for the same cause of action, nor to be supported by the same evidence as the second. The judgment in the first did not negative the cause of action relied

upon in the second, but affirmed its existence and pointed the way to a better writ." In *Norton* v. *Huxley* (13 Gray, 285), it was held that a verdict and judgment for the defendant in an action of contract upon his promise to accept an order drawn upon him in favor of the plaintiff, brought by one who had assigned to the plaintiff an unfinished contract of work for the defendant, are no bar to an action of tort by the plaintiff against the defendant for inducing the plaintiff to take such assignment by false and fraudulent representations as. to the amount remaining due from the defendant to the former contractor. The judge writing the opinion said : " The principle is well settled that a judgment in a former suit between the same parties is a bar to a subsequent action only when the point or question in issue is the same in both. The judgment is conclusive in relation to all matters in the suit which were put in issue; but has no effect upon questions not involved in it, and which were not then open to inquiry or the subject of litigation.   *   *   *   It is true that both originated in the same series of transactions, and in the conversations and communications which took place between the parties concerning them; but the result of the former suit shows that the plaintiff there wholly mistook the effect of what was said by the defendant, and so failed to establish the claim which he then attempted to enforce." In *Stowell* v. *Chamberlain* (60 N. Y. 272), it was held that in· order to make a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause of action alleged in the second ; that it is not enough that the transactions involved in and giving rise to the two actions are the same ; and that to make a judgment for defendant, in an action for the wrongful conversion of property, a bar to a subsequent action of *assumpsit* to recover the value of the same property, it must appear that the question of plaintiff's title was passed upon in the first action.

It is not sufficient to establish the identity of the two causes of action, that the plaintiff was seeking in both actions to recover the same amount of money, or even the same damages. .

It is well settled that one may sue to recover damages for fraudulent representations upon a sale of property, and if he fails to establish the fraud and is defeated upon that ground, that he may subsequently bring an action for breach of warranty based upon the same transaction and the same representations and to recover precisely the same damages. In one case the action is based upon tort, and in the other upon contract, and the causes of action are not identical and could not be sustained by the same evidence. So a party may sue in an action of trover to recover the value of property, and being defeated in that action on the ground that there was no wrongful conversion, he may sue to recover the value of the same property upon the theory of a sale. The damages sought to be recovered in each action, to-wit: the value of the property, would be the same, and yet that does not determine the identity of the causes of action. Proof of the compensation agreement alleged in this action would not have been sufficient to maintain the first action based upon the partnership agreement. The first action established conclusively that there was no partnership agreement between the parties, and both parties were estopped by that adjudication from again alleging that there was

The objection is now made that the proof upon the trial of this action was not sufficient to establish the compensation agreement alleged in the complaint and found by the referee. We have carefully looked into the evidence and are satisfied that there was enough to justify the findings of the referee. It is possible to hold that the former adjudication established that there was this compensation agreement. It is undisputed that these services were rendered under some agreement, and if it was not a partnership agreement, then it must have been under some agreement for compensation. What that agreement was has been found by the referee u on sufficient evidence.

Upon the trial, the defendant claimed credit for certain sums of money paid by him as gratuities to the architects having charge of the work performed; and the referee held that he was not entitled to those credits. The referee did not find, and

was not requested to find, the facts in reference to those items, and the evidence in reference to them is not very satisfactory or definite. He simply found, as matter of law, that no part of the payments alleged by the defendant to have been made to the architects was a proper charge against the plaintiff. We do not determine that such payments could in no case be allowed to one situated like this defendant. They may be made under such circumstances as to make it just and equitable that they should be allowed. Here there was no proof or finding that they were beneficial to these parties, or that they were necessary payments, or justifiable upon business principles. We cannot, therefore, say that the referee erred in disallowing them.

The defendant also claimed credit on account of two bonds which he took in payment for work done by him. He knew at the time he took them that they were worthless, and yet he claims credit for them as a loss, and insists that they should be deducted from his profits. The party from whom he took them was abundantly able to pay the amount, and he was under no obligation to take them. He took them after the relations between him and the plaintiff had terminated, without any consultation with him, and without his knowledge, and we think the referee did not err in refusing to allow him a deduction on account of them. . While the defendant under his contract with the plaintiff was entitled to manage the work in his own way and as he thought was most conducive to his interests without consulting the plaintiff, yet he was bound to act in good faith. He had no right, as against the plaintiff, to throw° away profits upon some remote idea that in some way it might be for his interest to do so. The taking of these bonds in no way benefited the plaintiff. They were taken after the contract was fully performed and after the obligation to pay on the part of the contractor had fully matured. The contractor was abundantly able to pay, and there was no evidence even that he refused to pay the money; and the taking of the bonds seems to have been a gratuitous act on the part of the defendant for the purpose of aiding and relieving the contractor from

whom he took them.    His benevolence should not be visited as a loss upon the plaintiff.

Many other exceptions appear in the record, to some of which our attention has been called in the brief submitted by the learned counsel for the appellant.    We have carefully considered them all and do not think they point out any error, or require any particular notice.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.