INHABITANTS OF WELLESLEY *vs.* C. EVERETT WASHBURN.

Norfolk. March 15, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Review — Bond — Evidence.*

A town which petitioned for review, under the Pub. Sts. c. 187, § 17, gave, according to § 19 of the same chapter, a bond signed by one of the selectmen as principal and the other two as sureties. The Pub. Sts. c. 161, § 104, authorize the execution of such a bond by any person other than the party, and the approval in the same manner as if executed by the party, if good reason appears to the magistrate approving. *Held*, that there was no ground for the suggestion that this only authorized the execution of a bond by a third person as agent. *Held, also*, that, while there might be a doubt from the language of the statute whether a finding of good reason was not implied by a simple approval, yet sufficient reason appeared on the face of the papers in the fact that the petitioner was a town, and the respondent by appearing and going to trial waived the objection if there was any.

Evidence, at the hearing on a petition for review, that the respondent sent a bill to the petitioner for the services for which he afterwards recovered the judgment sought to be reviewed, and that the bill was for a less amount than he sued for, conforms to the allegation of the petition that the petitioner believes that there is a good and substantial defence to the action; and the bill as an admission that less was due than was recovered tends to prove this allegation *pro tanto.*

HOLMES, J. This is a petition for review, under the Pub. Sts. c. 187, § 17. By § 19 of the same chapter the petitioner is

required to give to the adverse party a bond with sufficient sureties, etc. The respondent moved to dismiss the petition for want of jurisdiction, on the ground that there was no sufficient bond. The bond in this case was not signed by the petitioner as principal, but by one of the selectmen, the other two signing as sureties. But this was authorized by the Pub. Sts. c. 161, § 104, to the effect that any bond required to be given by a party in the course of a civil suit or proceeding may be executed by any person other than the party, and may be approved in the same manner as if executed by such party, if it appears to the magistrate approving it that there is good reason why the same is not signed by such party. We see no ground for the suggestion that this only authorizes the execution of a bond by a third person as agent. On the contrary, we should suppose it probable that the St. of 1869, c. 436, § 1, embodied in the last mentioned section of the Public Statutes, was passed to meet just such cases as this, and to save the necessity for a town meeting. The substitution of the St. of 1869 for that of 1868, c. 285, which it repealed, would seem to have been for the purpose of emphasizing the requirement that good reason for the party not signing be made to appear to the magistrate. The only question suggested by this part of the case is whether the magistrate's certificate ought not to set forth that such good reason had been made to appear. There may be a doubt, in view of the language of the statute, whether a finding of good reason is not implied by a simple approval. *Townsend* v. *Hoyle*, 20 Conn. 1, 8. Dillon Mun. Corp. § 601. But in this case sufficient reason appears on the face of the papers in the fact that the petitioner is a town, and the respondent by appearing and going to trial waived the objection if there was any. See *Norris* v. *Munroe*, 128 Mass. 386; *Wheeler & Wilson Manuf. Co.* v. *Burlingham*, 137 Mass. 581; *Rawson* v. *Dofner*, 143 Mass. 76; Rule 16 of Superior Court. Whether the decision of the justice of the Superior Court upon this motion was final, we need not consider. Pub. Sts. c. 153, § 8.

At the hearing, evidence was admitted that the respondent sent a bill to the petitioner for the services for which he afterwards recovered the judgment sought to be reviewed, and that the bill was for a less amount than he sued for. This was excepted to on the ground that it did not conform to any allegation

of the petition. But one of the allegations of the petition is that the petitioner believes that there is a good and substantial defence to the action, (*Boston* v. *Robbins*, 116 Mass. 313,) and the bill as an admission that less was due than was recovered tended to prove this allegation *pro tanto*.　　　*Exceptions overruled.*

C. E. Washburn, pro se.

G. A. Blaney & S. Robinson, for the petitioner.