No. 2595

# NELSON v. REINHART

November 1, 1923.                                          219 Pac. 554.

1. BROKERS—IN ABSENCE OF CUSTOM OR AGREEMENT FOR COMPENSA-
TION, LAW IMPLIES PROMISE TO PAY REASONABLE WORTH OF
SERVICES.

Where there is no agreement as to the rate of compensa-
tion to be allowed a broker for services to be rendered, and
no usual or customary rate prevails at the time and place
from which to determine the value of the services, the law
implies a promise to pay what his services were reasonably
worth.

2. EVIDENCE — TESTIMONY OF OTHER TRANSACTIONS OFFERED TO
SHOW REASONABLE WORTH OF SERVICES OF BROKER HELD IRRELE-
VANT.

Where, in an action against a broker, setting up a counter-
claim for reasonable compensation for services performed in
effecting a sale of plaintiff's land, testimony of witnesses
employed by others at the time defendant's services were
rendered, to effect sales of certain properties similar to plain-
tiff's, that they were to receive under their contracts a com-
mission of 5 per cent of the selling price, was not offered to
show custom or as opinion evidence, but merely to show
reasonable worth of defendant's services, such testimony was
irrelevant, since 5 per cent might have been much above or
below a quantum meruit.

3. BROKERS—ISSUE OF VALUE OF SERVICES USUALLY QUESTION OF
FACT FOR JURY.

The issue of value of services performed by a broker is
usually a question of fact for the jury.

4. APPEAL AND ERROR—ADMISSION OF IRRELEVANT TESTIMONY AS TO
VALUE OF SERVICES OF BROKER HELD NOT PREJUDICIAL TO PRIN-
CIPAL.

In an action against a broker, in which he set up a counter-
claim for reasonable value of services rendered in effecting
sale of plaintiff's property, admission of irrelevant testimony
as to the reasonable value of such services *held* not prejudicial
to plaintiff, where, under the other undisputed testimony, the
jury could not legally have found a verdict against defen-
dant on that issue, but might have returned a verdict for
defendant for a larger sum.

5. APPEAL AND ERROR—APPELLATE COURT WILL NOT DISTURB VER-
DICT OR JUDGMENT FOR ERRORS NOT PREJUDICIAL.

Appellate court will not disturb a verdict or a judgment
of an inferior court for errors which could not have prejudiced
the appellant.

6. BROKERS—RULE FOR MEASURING BROKER'S COMPENSATION, WHERE
NO CONTRACT OR USAGE AS TO RATE EXISTS, STATED.

The amount of compensation of a real-estate broker, where
no contract or usage, fixing the rate of compensation, exists,
is not determined solely by the labor expended, but from the
nature of the undertaking, the value of the property, and
the results accomplished.

7. BROKERS—SERVICES OF UNLICENSED BROKER HELD WORTH AS
MUCH AS IF HE HAD LICENSE.

Conceding that defendant was not a licensed broker or
employed as such, his services were worth as much as if he
had been one.

8. BROKERS—VERDICT FOR REASONABLE VALUE OF SERVICES RENDERED
BY BROKER HELD NOT EXCESSIVE.

A verdict of $7,589.93 for defendant broker, on his counter-
claim for the reasonable value of services rendered, in addition
to making an allowance to plaintiff of approximately
$2,522.50, *held* not excessive, where the services consisted of
a sale of 27,500 acres of farm, pasture, and range land, and
personal property consisting of 32,650 head of live stock,
principally sheep, and all equipage used in the operation of
plaintiff's farming and livestock business, and the total selling
price of the property was $215,000.

APPEAL from Sixth Judicial District Court, Humboldt
County; *E. J. L. Taber,* Judge.

Action by Thomas Nelson against Edward Reinhart,
in which defendant asserted a counterclaim. From a
judgment for defendant, and from an order denying
motion for new trial, plaintiff appeals. **Affirmed.
Rehearing denied.**

*John L. McNab* and *Thos. A. Brandon,* for Appellant:

No evidence can be introduced as to collateral con-
tracts between third persons, but should be excluded
under rule, res inter alios acta. 22 C. J. 741; McVey
v. Coates, 130 Pac. 661.

The approved practice is to call experts to establish
reasonable value of such services. Jones, Evidence,
secs. 140, 169; Moody v. Peirano, 84 Pac. 783.

Error is presumed from introduction under objection
of irrelevant or immaterial testimony. Lissak v.
Crocker Estate Company, 119 Cal. 444; National
Biscuit Company v. Nolan, 138 Fed. 9.

*Campbell & Robins,* for Respondent:

No custom being established as to reasonable value of
services, next best guide is proof of what others in
that locality have done. Murray v. Ware's Admr., 4 Ky.
(L. Bibb.) 325; Glover v. Henderson, 25 S. W. 175.

Rule of res inter alios acta is not applicable in this
case. If there had been agreement for specific amount,

it would have been inadmissible to prove other specific contracts.

The evidence of Reinhart, instead of being prejudicial to appellant was beneficial to him, since it was more favorable to him than testimony of Tilden. If Tilden's testimony was inadmissible appellant was not injured. 3 Cyc. 387.

No evidence having been offered by defendant to show what was reasonable value of services, it is fair to assume he could not produce any. Nathan v. Brand, 47 N. E. 771.

By the Court, SANDERS, J.:

This action was commenced by Thomas Nelson, herein termed "plaintiff," against Edward Reinhart, herein termed "defendant," primarily to recover a money judgment for the sum of $1,522.50, alleged to be the balance due upon an accommodation loan of $2,500, made to the defendant in the year 1909, but, when the pleadings were settled, the case was tried before a jury upon the general issue raised by plaintiff's reply or answer to defendant's counterclaim, in which he admitted the indebtedness, and set up that in June, 1912, the defendant, at the special instance and request of plaintiff, performed services for plaintiff as a broker in procuring a purchaser for his lands, live stock, and other personal property, situated in Humboldt and adjoining counties, and known as the Nelson ranches. Defendant claimed that on account of his said services, so performed, there was due to him from plaintiff a reasonable commission therefor, based upon the selling price of said real and personal property, as a percentage of such selling price. He claimed that through his efforts and services a purchaser was procured for said property within the time and at the price suggested by plaintiff to the defendant, and that by and through his efforts and services plaintiff effected a sale of said property in June, 1912, to the purchaser procured by the defendant, for the price of $215,000, and that 10 per cent of said sum, to wit, $21,500, was a reasonable commission to be paid the defendant for his services; no part

of which had been paid except the sum of $1,000 paid in September, 1913, wherefore the defendant demanded judgment against plaintiff for the sum of $20,500. The jury rendered a verdict against plaintiff and in favor of defendant for $7,589.83, upon which verdict the court entered judgment. The cause is now before us on appeal from the judgment and also from the court's order denying and overruling plaintiff's motion for a new trial.

For the purposes of the point to be decided, the facts are as follows: It appears from the evidence that there was no express agreement between the parties regarding the compensation which should be paid to the defendant for his services in procuring a purchaser for the plaintiff's property. It was the understanding of the defendant that he would be "taken care of" in the event he found a purchaser at the price which plaintiff stated at that time he expected to receive for his property, to wit, $200,000. On the other hand, it was plaintiff's understanding that the defendant's endeavors to procure a purchaser were voluntary and gratuitous; that the sum of $1,000, alleged to have been paid to the defendant in September, 1913, in part payment of his services, was gratuitous.

The real property comprised about 27,500 acres of farm, pasture, and range land situated in Humboldt and Elko Counties; the personal property consisted of about 32,650 head of live stock, principally sheep, classified at different prices; the other personal property consisted of the equipage used in the management, control, and operation of plaintiff's farming and livestock business. The defendant was not a real-estate broker, but a merchant, banker, farmer, and stockman. The plaintiff was a pioneer land-owner and stockman in northern Nevada, who, because of his age, much desired to dispose of his property and retire from active business. The pleasant business relations between the parties had extended over a period of many years. It appears that an unsuccessful effort was made to arbitrate their differences before trial.

The defendant, as a witness in his own behalf, after testifying at length as to his employment and his endeavors to find a purchaser, and the purchaser ultimately found in the person of E. P. Ellison, of the Ellison Ranching Company, a Utah corporation, was interrogated as to whether a custom, such as is contemplated by law, prevailed in that vicinity which fixed the rate of compensation in like cases. His answer was that no such custom existed. The defendant was then interrogated as to what, in his opinion, would be a fair percentage or compensation to be allowed him for his services, based upon commission. His answer was 5 per cent on meadow land and 10 per cent on range or mountain land and live stock.

The defendant then introduced two witnesses, R. E. Tilden and James G. Allen, residing at Winnemucca in Humboldt County, for the purpose of proving the commission to be allowed defendant as a reasonable compensation for his services, who, over the objection and against the exceptions of plaintiff, were interrogated as to several distinct and independent transactions involving the sale of farm, pasture, and range land and live stock, situated in Humboldt County at variant distances from plaintiff's property, in which, by special agreement, the witnesses, as real-estate agents, undertook and agreed, about the time the defendant's services were performed, to effect sales of certain properties similar to plaintiff's for an agreed commission of 5 per cent upon the selling price fixed by their agreements. We shall not go very fully into their testimony, but for the purpose of the point to be decided, and for illustration, we take one instance detailed by the witness Allen. He testified, in substance and to the effect, that he was a real-estate agent, residing at Winnemucca from 1911 to 1914, and that, as such, he undertook and agreed with a particular owner to effect a sale of 34,000 acres of land and 8,000 head of live stock, situated in Humboldt County, for an agreed commission of 5 per cent on the selling price thereof, fixed at $750,000.

It appears from the lengthy examination of each witness that a large amount of judicial acumen was spent in an endeavor to show the character, terms, conditions, and validity of their contracts, the proximity and similarity of the property involved to that of plaintiff's and the similarity of the services to be performed in each case to that undertaken by the defendant. None of the special agreements appears to have culminated in a sale through their endeavors. No further direct testimony was adduced by the defendant to prove the value of his services, and none whatever was introduced by the plaintiff on that issue.

The case passed from the court into the hands of the jury under full instructions, the keynote of which was that it was for the jury to decide upon all the evidence the value or worth of the defendant's services, provided, of course, they believed from a preponderance of the evidence that the defendant was employed, and that his services were the efficient cause of the sale of plaintiff's property.

The forty-two reasons for this appeal are resolved by the briefs into the discussion of the alleged error of the trial court in admitting in evidence, against the plaintiff's exceptions, the testimony of the witnesses Tilden and Allen, for the purpose of proving the amount of compensation to be allowed Mr. Reinhart for procuring a purchaser for Mr. Nelson's ranches and live stock.

Counsel for Mr. Nelson contend that the error is fatal to the verdict, and there should for this reason be a new trial. Counsel for Mr. Reinhart insist that the testimony was admissible for the purpose for which it was offered, but, if it was error to admit it, it was error without prejudice. Counsel for Mr. Nelson for reply insist that the amount of the verdict shows it to have been calculated upon the basis of a 5 per cent commission on the sale price of the property, to wit, $215,000, less credits, and from this it is argued that the illegal testimony not only influenced, but controlled, the jury in its estimate of the value of Mr. Reinhart's services;

therefore, the admission of the testimony necessarily prejudiced Mr. Nelson.

1, 2. The question for decision in respect to the admission of the testimony refers to the mode of ascertaining the value of Mr. Reinhart's services. It being conceded that no rate of compensation was agreed upon between the parties, and no usual or customary rate prevailed at the time and place from which to determine the value of the services, the law implied a promise upon the part of Mr. Nelson to pay to Mr. Reinhart what his services were reasonably worth. Mechem on Agency, 1526, 2425; 19 Cyc. 235. The question of what is a reasonable compensation, in this, as in other cases, is to be determined from all the facts and circumstances surrounding the case. Mechem, 1526. It being disclaimed of record that the testimony objected to was offered to show custom, and it not appearing that it was to be taken and considered as opinion evidence on the point in issue, we are impelled to conclude that the testimony was both immaterial and irrelevant for the purpose for which it was offered. The amount the witnesses charged or were agreed to be paid under their special contracts, in the particular cases detailed by them, furnished no criterion to measure the value or worth of Mr. Reinhart's services. What the witnesses agreed to accept in full for their services was not even a legitimate circumstance tending to show the worth of Mr. Reinhart's services. Their services were rendered, or were to be rendered, under special contracts as to the amount to be paid, which would, of course, be determined by their contracts, and not by the value of their services. The amount of 5 per cent on the selling price of other property similar to that of Mr. Nelson's, agreed to be paid the witnesses for their services may have been much above, or much below, a quantum meruit. It occurs to us that the testimony is objectionable for other reasons. There may have been, in the particular cases, personal considerations or elements which did not exist in the case

of Mr. Reinhart. In principle, the following authorities are in point: Mechem on Agency, 1529; Robbins v. Harvey, 5 Conn. 341; Forey v. Western Stage Co., 19 Iowa, 537; French v. Frazier's Adm., 7 J. J. Marsh. (Ky.) 429.

3-5. But counsel have failed to convince us that the admission of the testimony is fatal to the verdict. The issue of value, upon all the evidence, is usually a question of fact for the jury. Burdon v. Briquelet, 125 Wis. 341, 104 N. W. 83. If, then, excluding, as we must, the illegal testimony, there was other undisputed evidence which supports the verdict, we cannot disturb it, unless it can be said that the objectionable testimony was so harmful or prejudicial as to deprive Mr. Nelson of a fair and impartial trial on the issue of value. We are of opinion that, under the particular facts and circumstances surrounding the case, Mr. Nelson was benefited rather than prejudiced by the admission of the testimony complained of. It is conceded, or must be conceded, that the jury, under the undisputed testimony, could not legally have found a verdict against Mr. Reinhart on the issue of value, all the evidence on the point being uncontradicted. The amount of his compensation was to be determined from the nature of his undertaking, the value of the property, and the result or end accomplished. In addition to these elements the jury had Mr. Reinhart's own estimate of the value of his services, indefinite and uncertain it is true, but, taken in connection with the other facts and circumstances, it was sufficient to carry the case to the jury on the issue of value. Under the admitted and undisputed testimony relative to that question, the jury might have returned a verdict for a larger sum. The fact that illegal testimony was admitted on the same point favorable to Mr. Nelson could not have prejudiced him. Clearly the error complained of is more fanciful than real. If there had been no other testimony on the point than that complained of, the case would be entirely different. In the present state of the record the case

is within the rule that this court will not disturb a verdict or the judgment of an inferior court for errors which could not have prejudiced the appellant. Gardner v. Gardner, 23 Nev. 213, 45 Pac. 139.

6-8. It is assigned as error that the verdict was excessive. There is no evidence tending to show that it was, except what is to be inferred from Mr. Reinhart's cross-examination. He was not a real-estate broker or employed as such, and in the course of his examination he testified that he could have performed the services within a few hours, and that he took no part in negotiating the sale of the property. The amount of compensation of a real-estate broker in a case such as this, where there is no contract or usage fixing the rate, is measured by the results attained or the end accomplished, and the time employed or the labor expended is not the only thing to be considered. Mayhew v. Brislin, 13 Ariz. 102, 108 Pac. 253, and the cases cited; Gracie v. Stevens, 56 App. Div. 203, 67 N. Y. Supp. 688. Conceding that Mr. Reinhart was not a licensed broker or employed as such, his services were worth as much as if he had been one. Hollis v. Weston, 156 Mass. 359, 31 N. E. 483. Though the amount of the verdict is undoubtedly large, we cannot, in the present state of the record, say it is excessive.

The order and judgment of the district court are affirmed.

## ON PETITION FOR REHEARING

January 8, 1924.                    221 Pac. 521.

1. APPEAL AND ERROR—IF OBJECTIONABLE EVIDENCE IS HARMLESS, NEW TRIAL WILL NOT BE GRANTED.

When objectionable evidence has been admitted, and it is impossible to say to what extent it influenced the jury, a new trial should generally be granted, but not if admission of such evidence was harmless.

2. EVIDENCE—EVIDENCE OF VALUE OF SERVICES BY ONE WHO IS NOT AN EXPERT IN SUCH MATTERS, ENTITLED TO CONSIDERATION.

When one, though not an expert, testifies as to value of services, and such evidence is uncontradicted, and no evidence is introduced to show him unworthy of belief, his evidence is entitled to consideration.

3. APPEAL AND ERROR—REHEARINGS ARE NOT GRANTED AS MATTER OF RIGHT.

Rehearings are not granted as matter of right and should not be allowed for purpose of reargument, unless error was made or important question was overlooked.

4. EVIDENCE—THE JURY, WHO HAVE HEARD ALL FACTS AND CIRCUMSTANCES REGARDING SERVICES, ARE AS CAPABLE OF DETERMINING THEIR VALUE AS WITNESSES.

The jury, upon the consideration of all the facts and circumstances under which services were rendered, are as capable of determining their value as are witnesses whose testimony was wholly immaterial and incompetent.

On petition for rehearing. **Denied.**

*John L. McNab* and *Thos. A. Brandon,* for Appellant:

The only question involved is whether the admission of erroneous testimony as to value of services is prejudicial error. The court has held that it was error, and counsel make no serious claim to the contrary.

Your honors remark that "the jury might have returned a verdict for a larger sum," seeming to lose sight of the fact that they might also have returned a verdict for a much smaller sum.

It is impossible for us to speculate as to what the verdict might have been had the erroneous evidence not been introduced. It may have been the improper evidence that turned the scale and lost the case to the appellants. Rulofson v. Billings, 140 Cal. 460.

One cannot, after insisting upon the introduction of objectionable testimony, say the error in admitting it is harmless. Smith v. Westerfield, 88 Cal. 383; Lissak v. Crocker Estate Co., 119 Cal. 444.

The fact that the court admitted evidence after objection is the strongest indication that the court deemed it material, and it is impossible for the appellate court to say the evidence had no effect. Marsteller v. Leavitt, 130 Cal. 150.

*Campbell & Robins,* for Respondent:

There can be no reversal, even though error has been committed, unless the appellant has been prejudiced thereby.

An examination of the authorities cited by counsel discloses fact that California recognizes that the record must not only show error but that it was prejudicial. Coonan v. Loewenthal, 61 Pac. 940; Cement Co. v. Reinecke, 158 Pac. 1041; R. Co. v. Orchard Co., 147 Pac. 238.

Jury fixed amount at less than that given by Reinhart, whose was the only admitted and undisputed testimony. Had the jury fixed a smaller amount, they would have had to do so arbitrarily.

Reversals are not permitted simply because of error in admitting testimony upon incidental matters. Smith v. Westerfield, 26 Pac. 206.

By the Court, COLEMAN, J.:

Counsel for appellant have presented a petition for a rehearing wherein it is said:

"In the opinion filed by this court your honors remark upon this fact as follows: 'Under the admitted and undisputed testimony relative to that question the jury might have returned a verdict for a larger sum.' Your honors seem to lose sight of the fact that under the admitted and undisputed testimony the jury might also have returned a verdict for a much smaller sum. The jury may well have taken into consideration the fact that Mr. Reinhart's testimony as to the value of his services was entitled to little weight, because he was not a real-estate broker or employed as such, and for the further reason that he testified on cross-examination that he could have performed the services within a few hours, and that he took no part in negotiating the sale of the property."

In support of the contention that the court erred, our attention is again called to certain decisions wherein it is held that, objectionable evidence having been admitted, and it being impossible for the court to say to what extent such evidence had influenced the jury, a new trial should be granted. In those cases, no doubt, the ruling of the court was correct; but we are of the impression that this is not such a case. We think

the erroneous ruling was harmless. If the jury in the instant case had fixed the basis of recovery at 5 per cent on the selling price of all of the property, less the amount sued for, including interest, it would have been in a sum several hundred dollars in excess of what it was. On the other hand, had the verdict of the jury been based on a commission of 10 per cent on the proceeds of the personal property and the range land, it would have been for a very much larger sum than that for which it was rendered.

It is said that Reinhart's evidence was entitled to but "little consideration." I cannot agree with this contention. It was uncontradicted, and no contention is made that he is unworthy of belief. Furthermore, we think, under the circumstances, it comes, with poor grace from Nelson to say that Reinhart's evidence should not be accepted as a basis for a judgment, when he offers none to aid the jury and court in the matter of the value of the services.

The petition is denied.

DUCKER, C. J.: I concur in the order.

SANDERS, J., concurring:

I concur in the order.

Rehearings are not granted as a matter of right, and should not be allowed for the purpose of reargument, unless there is a reasonable probability that the court may have arrived at an erroneous conclusion, or overlooked some important question, which was necessary to be discussed in order to arrive at a full and proper understanding of the case. State v. Woodbury, 17 Nev. 337, 30 Pac. 1006; Twaddle v. Winters, 29 Nev. 108, 85 Pac. 280, 89 Pac. 289; Pershing Co. v. Humboldt Co., 43 Nev. 78, 181 Pac. 960, 183 Pac. 314; Parks v. W. U. T. Co., 45 Nev. 411, 197 Pac. 580, 204 Pac. 884. A fortiori, a response to a petition for rehearing is not for the purpose of answering rearguments or criticisms of the decision sought to be reviewed. In the instant case the point urged for rehearing was strongly pressed in the briefs and oral argument of the petitioner on

the former hearing; in fact, it was the controlling question in the case from the petitioner's view-point. The petition to reopen the case for reargument of the point fails to convince me that the question is worthy of further consideration. The jury, upon the consideration of all the facts and circumstances under which Reinhart's services were rendered, was as capable of determining the issue of the reasonable value of his services as were the witnesses Tilden and Allen, whose testimony was wholly incompetent, irrelevant, and immaterial. It is stated in the opinion that:

"Under the admitted and undisputed testimony relative to that question [value], the jury might have returned a verdict for a larger sum."

Counsel seize upon this expression for an excuse to again argue that the testimony of Tilden and Allen, admittedly illegal, was of itself sufficient to warrant a reversal in this case. It is probable that, had the word "could" been used, instead of the word "might," in this sentence, there would have been no room for the argument now directed against the opinion. I see no occasion for resorting to argument to support the opinion. It leads nowhere, and neither strengthens nor detracts from the opinion.