JOHN JAY CASEY, Appellant, *v.* ROBERT E. MUSGRAVE, Respondent.

No. 3798

February 6, 1956.                    292 P.2d 1066.

*William J. Crowell,* of Carson City, and *Leslie E. Riggins,* of Reno, for Appellant.

*Stewart & Horton,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an action brought by respondent as plaintiff for the reasonable value of services rendered to defendant at defendant's instance and request. Judgment for the plaintiff in the sum of $31,000 was rendered pursuant to jury verdict and the defendant has taken this appeal from judgment.

Appellant's first contention is that the action is barred by res judicata.

The services in question were rendered from May through August, 1948. Defendant was contemplating the purchase of ranch and range property and cattle in Nye County. Plaintiff operated a cattle sales yard in Fallon, Nevada, and was experienced in the appraisal and sale of cattle. The services rendered by plaintiff included appraisal of cattle and ranch property. As a result of these services defendant bid for purchase of the ranch and his offer was accepted. Thereafter plaintiff's services included the rounding up and sale of cattle. As a result of these services defendant was enabled to realize the purchase price of the ranch. In 1949 an action was brought by plaintiff against defendant to establish a partnership in the ownership and operation of the ranch and to secure an accounting as to partnership assets. This action resulted in judgment for defendant upon

the ground that proof of an agreement to enter into partnership had not been established. This judgment was affirmed upon appeal to this court. Musgrave v. Casey, 68 Nev. 471, 235 P.2d 729. Thereafter in June, 1952, the present action was commenced.

Appellant contends that the cause of action in the first suit was identical with the cause of action in the case at bar under the tests set forth by this court in Reno Club v. Harrah, 70 Nev. 125, 260 P.2d 304. In both cases, it is contended, there is identity of subject matter, of the primary right of the plaintiff and duty of the defendant and of the facts from which these matters arose. Therefore, it is argued upon the authority of the Reno Club opinion, the judgment in the first case operates as a bar to the instant case.

It is not enough, however, that the same circumstances and transactions have, in general, given rise to both cases. The former action was based upon an alleged express contract which by its terms determined the primary right of the plaintiff and duty of the defendant. Those rights and duties related not simply to compensation for plaintiff's services but involved the relationship of partners in the ranch enterprise. Our opinion in the former case expressly states, 68 Nev. 471, 481, 482, 235 P.2d 729, 734, 735, "The trial court in rendering its opinion in favor of the defendant stated the conviction that there was not sufficient evidence to establish that there ever was a partnership or joint adventure created between the parties. This appears to us to be the true issue. The question is not whether plaintiff is entitled to compensation for his services rendered in connection with the raising of the purchase price. The question is whether any contract ever was reached which created a joint adventure." It cannot, then, be said that the former case constituted an adjudication of the right of plaintiff to recover compensation for his services or that plaintiff in this action seeks simply a new remedy upon the same cause of action.

Gall v. Gall, 17 App.Div. 312, 45 N.Y.Supp. 248, 251,

252, involved a similar situation. There the court stated, "The cause of action in the first case was for the specific performance of an agreement to make a will. The question presented was whether such an agreement had been made by Joseph Gall. Upon that question the rights of the parties depended. The fact of the rendition of services was material only as it afforded a consideration which would be, in equity, sufficient to compel the specific performance of such an agreement if it had been made, but in all other respects the fact of the rendition of the services was entirely immaterial. Nor was the value of these services material in any respect whatever * * *. In the second action, however, the services themselves, and their rendition, lay at the basis of the action." To the same effect is O'Meara v. McDermott, 43 Mont. 189, 115 P. 912; followed in Gaspar v. Buckingham, 116 Mont. 236, 153 P.2d 892.

The bar of res judicata does not apply.

Appellant next contends that plaintiff in bringing his former action conclusively elected his remedy and may not now assert a right to an inconsistent alternative remedy. The rule is stated in Robertson v. Robertson, 43 Nev. 50, 59, 180 P. 122, 124, 187 P. 929, as follows: " 'An election once made, with knowledge of the facts, between co-existing remedial rights which are inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit, or proceeding based upon a remedial right inconsistent with that asserted by the election, or to the maintenance of a defense founded on such inconsistent right.' "

This is not a proper case for application of that rule, however. The alternative remedies did not coexist under the true state of facts. Facts which would support the existence of one remedy would preclude the existence of another. Plaintiff simply proceeded under a mistake

of fact in assuming a meeting of the minds of the parties to have occurred upon a partnership contract. O'Meara v. McDermott, supra; Marsh v. Masterson, 101 N.Y. 401, 5 N.E. 59. See Restatement of the Law, Judgments, sec. 65, subsection (2), comment (g), P. 276. Accordingly we hold this contention to be without merit.

Appellant next attacks the jury's award of damages as excessive and without evidentiary support. Damages were allowed in the sum of $20,000 for services, $8,000 for use of trucks, and $3,000 for use of a private automobile.

In this connection appellant contends that there is no proof to establish the value of the services performed by respondent; that respondent's opinion as to value has no evidentiary weight whatsoever since it is based upon a formula not shown to have any customary or reasonable relation to the services rendered.

Respondent's testimony as to the reasonable value of his services was to the effect that a conservative figure would be $21,000, being 10 percent of cattle sales totaling $210,000. Upon cross examination it was established that since he had been proceeding upon the assumption that he was a partner in the enterprise respondent had kept no record of the specific services performed or of the time spent in their performance.

There is, however, no question but that extensive services of value had been performed, nor as to the nature of those services. They covered a period of three full months. They related, first, to sales of cattle, including an auction sale. In this respect they went far beyond the services ordinarily performed by a cattle auctioneer (whose commission, respondent testified, customarily is 3 percent of sale proceeds where the sale is conducted upon the auction lot or 5 percent where conducted upon the cattle's home ranch). They included a multitude of details relating to the preparation for sale, gathering, sorting and classifying of cattle from all parts of the extensive desert range which comprised the Butler

Ranch, construction of corrals, preparation of scales, feeding of those who attended the sale, all of which required the employment of 15 persons in addition to the services of respondent himself. The resulting auction realized $78,000. The services related also to the successful purchase of the Butler Ranch by the appellant, through appraisal of cattle and ranch property and advice as to bid and as to methods by which, through cattle sales, the terms of that bid might be met.

Appellant's objection to the jury award in this connection goes to the computation of value on a percentage basis of cattle sales rather than upon proof of specific acts performed and of time spent and of customary charges for such specified services.

There can be no doubt that the services of respondent were not only extensive in time and scope but that they made demands upon the special professional skills possessed by him. In computing the value of professional services it is not uncommon to appraise the benefit to the respondent of the services performed, nor to take into consideration in such appraisal the value of the subject matter with which the services were connected or upon which they were performed. In giving consideration to such matters it is not uncommon to establish compensation on a commission basis rather than on a time-spent basis. Respondent's method of computing value simply invited the jury to take such matters into consideration. Whether such considerations were unreasonable under the circumstances was for the jury to decide. We cannot say as a matter of law that such considerations were improper and thus rendered the award of damages without evidentiary support.

Appellant contends that in any event it was improper for respondent to include in the $210,000 of cattle sales the sum of $132,000 recovered by a private sale of cattle. This sale had been discussed between respondent and the purchaser the night of the auction sale and was consummated two days later between appellant and the

purchaser. The purchaser had been present at the auction sale and respondent had shown him the cattle the following day. Appellant contends that respondent's authority to sell cattle was limited to the conducting of an auction sale; that he was without authority to act as agent or broker in any private sale and that any services rendered by him in that connection must therefore be held to have been gratuitous.

From respondent's testimony, however, it would appear that he felt himself, as a partner, not only authorized but under a duty to seek out cattle purchasers and to aid in the consummation of sales. The record amply supports implied authority. The evidence clearly shows that services were performed by him in the bringing together of purchaser and vendor at an agreed price. It was, then, entirely proper for the jury to include this transaction in its determination of the extent and value of services performed.

Appellant contends that the proof as to value of trucks and private automobile was uncertain, conjectural and speculative and wholly without evidentiary weight. It is true that no records were kept and that the testimony of respondent in this respect was based upon recollection and estimate and, to this extent, was uncertain. The uncertainty, however, was not as to existence or cause of benefit but as to measure or extent and was not so great as to destroy all evidentiary weight as a matter of law. Brown v. Lindsay, 68 Nev. 196, 228 P.2d 262.

Respondent testified to the use of three trucks all equipped for transportation of cattle: a Diamond-T truck and trailer used for a minimum of 42 days, a Diamond-T truck and semitrailer used for a minimum of 42 days, a GMC truck used for a minimum of 21 days, together with drivers, full time, for all trucks. He placed a value on the service of trucks and drivers as follows: for the Diamond-T units, $100 a day; for the GMC truck, $50 a day. His estimate of value thus totaled $9,450. The award was $8,000.

As to the automobile respondent testified that approximately 42,000 miles had been driven during the time he was working on the Butler deal; to the best of his recollection all but about 8,000 miles had related to the Butler deal. About one-half of the driving had been over unimproved roads. He placed a value of 10 cents a mile upon the car use. His estimate of value, then, was $3,400. The award was $3,000.

In both respects we feel there is sufficient evidence to support the jury's award.

Appellant further assigns as error action of the trial court in striking certain testimony of one of appellant's witnesses, in sustaining an objection to a question on redirect examination relating to the subject of the stricken testimony and in refusing to permit counsel to examine further on that subject.

The purpose of the testimony in question was to establish the reasonable value of services rendered in conducting an auction sale of cattle. The witness had qualified himself as having had 39 years of experience in selling and trading cattle. It was apparent, however, that a goodly part of his experience in auctioning cattle had been in relation to sales where his compensation did not depend entirely upon commissions. Under these circumstances objections had been sustained to his testimony as to commissions he had received, upon the ground that evidence of specific commissions constituted no proof of reasonable value of services rendered. He was then asked his opinion as to the reasonable value of services rendered by an auctioneer in selling $78,000 worth of cattle. His answer was that the value varied, depending upon the type of sale. "From one to three percent, that is as much as I ever got."

Upon cross examination in response to three separate questions the witness answered and reiterated that this expressed estimate of reasonable value was based solely

upon his own personal experience and was not based upon his knowledge as to what other auctioneers may have charged or received. Upon motion of counsel for respondent his testimony as to reasonable value was stricken. In our view this action was proper. In the light of his testimony as a whole and from the language of the answer itself, it would appear that his expression of opinion was based upon what he had himself received under his own special contractual arrangements and the circumstances surrounding them. Such evidence is not competent to establish reasonable value. Nelson v. Reinhart, 47 Nev. 246, 219 P. 554, 221 P. 521.

Upon redirect examination counsel for appellant reverted to the stricken testimony. The following question was asked, "When you put a value on your service is that value based upon what other people in the same field, giving the same service, place on it?" Upon objection, counsel for appellant argued in support of the question that the witness should have an opportunity to explain "the real background upon which he based his opinion." The court sustained the objection recognizing that the witness had so clearly committed himself as to the basis for his stated opinion that he could not, in propriety, modify his answer nor could counsel properly invite such modification. Further, the court advised counsel that he could not proceed further "on that line of inquiry."

The trial judge, during the course of the trial, is charged with a superintending duty to regulate and control the course of proceedings in an orderly manner, enforcing obedience to his rulings. Extensive discretionary authority is given to the judge in this regard. See 53 Am.Jur. 49, Trial, sec. 34. In our view the action of the trial judge in this respect clearly fell within the field of his discretionary authority.

Appellant contends that this action improperly denied him the right of redirect examination for the purpose of

explaining discrediting testimony elicited on cross examination. The question on redirect, however, did not invite explanation but outright repudiation of testimony already given upon cross examination. If counsel had wished to qualify the witness to express an opinion upon reasonable value properly founded, he might have attempted such qualification. This he did not do. He reverted to the opinion already expressed and sought to have the witness change his testimony as to the basis for that expression of opinion.

Other assignments of error are made, all of which we have examined and feel to be without merit.

Judgment affirmed with costs.

BADT and EATHER, JJ., concur.