Papez, D. J.,
concurring:
The record in this case is replete with instances of serious misconduct by plaintiff’s counsel during summation. Rather than “isolated instances” of misconduct as the dissent suggests, it appears to me that plaintiff’s counsel, an accomplished trial attorney with over twenty years of experience, strayed across the permissible boundaries of argument with calculation and purpose. That purpose was realized in a verdict returned by the jury far in excess of what plaintiff requested. I believe the verdict was the product of counsel’s calculated, repeated and seriously improper argument to the jury.
Without question, the facts of this case are upsetting, and naturally evoke sympathy for plaintiff and anger toward defendant. A young woman’s health and life have been drastically altered because of the acts of the defendant. Plaintiff deserves to be and should be compensated for these damages. Counsel’s zeal for his client’s cause does not, however, allow for departure from the ethical and procedural rules of fair play. Because the amount of compensation owed to plaintiff is in dispute, a jury in a neutral and impartial forum, free from passion or prejudice, must decide the damage claim.
As stated in the Hamline Law Review, in an article entitled “Summation At The Border: Serious Misconduct In Final Argument In Civil Trials”:
One speculates that litigators evaluate their own final argument misconduct, at least implicitly, by subjective standards such as motive and intent. In moral evaluations, if the ends are good, one tends to be more lenient when criticizing the means by which the ends were achieved. One may think, “A mistake was made, but he or she was trying to do the right thing.”
Acts grounded in good motives tend to be treated more leniently than are acts grounded in bad motives—he or she was a good person, even if he or she did a bad thing. One would expect that litigators’ evaluations of their own final *822 argument misconduct to be consciously or subconsciously colored by the overall “goodness” of their client or their claim, and the “justness” of the outcome sought. The litigator’s platform is one of feeling that his or her motives are good, his or her client’s motives are good, his or her claim is good, and the outcome he or she seeks is good. Conversely, a litigator may feel that opposing counsel is bad, the opposing party is bad, or the claims or the underlying conduct, or both, are bad. One cannot fail to see how annoying and aggravating it is to be faced with these factors, particularly in the focused, emotional atmosphere of a trial. Serious misconduct in final argument in civil trials may be the result of excesses on the part of well-intentioned counsel.
Nonetheless, the objective approach to serious misconduct in final argument is the correct approach. Parties, whether popular or unpopular, must be permitted to make claims and defenses in a neutral and impartial system. Serious misconduct in final argument can never be justified, not even with reference to motive or intent. What matters the most is the type of conduct and its impact.
19 Hamline Law Review 179, 192-193 (1995).
Because of the serious nature of the misconduct and the obvious impact on the verdict, this matter should be retried.
Another troubling aspect of this case is what the dissent calls “a freewheeling atmosphere” in which the case was tried. Certainly it is the responsibility of counsel to make objections and seek rulings from the trial court to prevent “a freewheeling atmosphere” from developing. In my opinion, when serious misconduct occurs and is not met by an objection, a trial judge has an obligation to intervene sua sponte to protect the litigant’s right to a fair trial. See Sipas v. State, 102 Nev. 119, 125, 716 P.2d 231, 235 (1986). See also Casey v. Musgrave, 72 Nev. 31, 292 P.2d 1066 (1956) (a trial judge is charged with a superintending duty to regulate and control the course of proceedings in a trial); Schreier v. Parker, 415 So. 2d 794 (Fla. Dist. Ct. App. 1982) (arguments in derogation of professional conduct rules should not be condoned by a trial court, even absent objection); Wanner v. Keenan, 317 N.E. 2d 114 (Ill. App. Ct. 1974) (the trial judge is responsible for the justice of his judgments and has a duty to control the trial in order to ensure a just result); Paulsen v. Gateway Transportation Co., 252 N.E. 2d 406 (Ill. App. Ct. 1969) (if the argument of counsel is seriously prejudicial, the trial court sua sponte should stop the argument and direct the jury not to consider it); N.Y. Central R.R. Co. v. Johnson, 279 U.S. 310 (1929) (every litigation should be conducted fairly and impartially and *823 the public interest requires that a trial court sua sponte exercise its power and duty to protect litigants in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice).
If the trial judges of Nevada would aggressively intervene in instances of serious misconduct by counsel where no objection is tendered, it would seem to me that appellate litigation in this area would be greatly reduced.